**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| ADIKA CLEMENDOR, et al., | |
| Plaintiffs, | |
| v. | Civil Action No. 1:24-cv-01955-DLF |
| DISTRICT OF COLUMBIA, et al. | |
| Defendants. | |

**PLAINTIFFS' STATEMENT OF UNDISPUTED MATERIAL FACTS
PURSUANT TO LOCAL CIVIL RULE 7(h)(1)**

Plaintiffs, pursuant to Rule 56(c) and Local Civil Rule 7(h)(1), submit there is no genuine issue to be tried as to the following facts[1]:

1.      Plaintiff Adika Clemendor is a citizen of the United States and an adult resident of the District of Columbia over the age of 21. He is a law-abiding individual and is eligible to purchase firearms. He lives with his wife-to-be and elderly relatives. He intends to exercise his right to keep and bear arms for lawful purposes, especially home defense and target shooting. Decl of Adika Clemendor in Supp. of Pls.' Mot. for a Prelim. Inj. ¶¶1, 2, 4 ("Clemendor Decl.") (July 26, 2024).

2.      Clemendor would like to purchase and possess firearms banned by the laws challenged in this case. Clemendor Decl. ¶3.

---

[1] Other than those facts that relate to the standing of the parties, all of the facts relevant to the outcome of this case are "legislative facts" which are not concerned with the particular facts of the parties but are rather generalized facts about the world. FED. R. EVID. 201, 1972 Advisory Committee Note; *see Ezell v. City of Chicago*, 651 F.3d 684, 697 (7th Cir. 2011). The Court's review of legislative facts, which are predicates to legal rules, is unrestricted, and such facts are appropriately related in the argument portion of Plaintiffs' brief in support of summary judgment. *Id.*

3.      Specifically, Clemendor would like to purchase a Sig Sauer MCX-Spear, a Daniel Defense DDM4 V7, or a Palmetto State Armory PSA Gen3 PA-10, all of which are AR-style rifles that can accept a detachable magazine and have several ergonomic and safety features such as a telescoping stock, a pistol grip, and a muzzle device. Clemendor Decl. ¶3.

4.      Clemendor would, in fact, already have acquired such a rifle, and would currently possess it, if it were not for the laws at issue in this case. Clemendor Decl. ¶4.

5.      Clemendor has refrained from acquiring and possessing such a rifle out of fear of being arrested and prosecuted for violating the laws at issue here. Clemendor Decl. ¶5.

6.      Clemendor would, if it were legal to do so, acquire such a rifle and use it for lawful purposes including self-defense. Clemendor Decl. ¶3.

7.      Plaintiff David MacMillan is a citizen of the United States and an adult resident of the District of Columbia over the age of 21. He is a law-abiding individual and is eligible to purchase firearms. He is licensed to carry a concealed pistol and all of his firearms are registered with the Metropolitan Police Department ("MPD"). He intends to exercise his right to keep and bear arms for all lawful purposes, including home defense, hunting, and shooting sport competitions. Decl of David MacMillan in Supp. of Pls.' Mot. for a Prelim. Inj. ¶¶1, 2, 4 ("MacMillan Decl.") (July 25, 2024).

8.      MacMillan would, if not for the laws challenged in this case, upgrade his existing firearms with accuracy-enhancing, ergonomic and safety features such as a threaded barrel, barrel shroud, spare magazine storage, second handgrip, adjustable stock, semiautomatic bolt carrier, and detachable magazine. These features are banned by the laws challenged in this case. MacMillan Decl. ¶3.

9.      Specifically, MacMillan would attach a threaded barrel to his Sig Sauer P320 X-Compact handgun and his Glock-style handgun. He would equip his P320 with a barrel shroud containing spare magazine storage and a second handgrip. He would equip his Diamondback Arms DB-15 semiautomatic hunting rifle buttstock with an adjustable, shock-absorbing buttpad. He would install a semiautomatic bolt carrier on his Anderson Manufacturing AM-15 pistol. He would modify his semiautomatic AR-style sporting rifle to accept a detachable magazine. MacMillan Decl. ¶3.

10.     MacMillan would, in fact, already have acquired such items and upgraded his firearms, and would currently possess upgraded firearms, if it were not for the laws at issue in this case. MacMillan Decl. ¶4.

11.     MacMillan has refrained from acquiring such items and upgrading his firearms out of fear of being arrested and prosecuted for violating the laws at issue here. MacMillan Decl. ¶7.

12.     MacMillan would, if it were legal to do so, acquire such items and upgrade his firearms and use them for lawful purposes including self-defense. MacMillan Decl. ¶3.

13.     MacMillan would also like to purchase and possess a firearm banned by the laws challenged in this case. MacMillan Decl. ¶5.

14.     Specifically, MacMillan would like to purchase a FN PS90, which is a semiautomatic rifle that can accept a detachable magazine and has several ergonomic and safety features such as a thumbhole stock and muzzle device. MacMillan Decl. ¶5.

15.     MacMillan would, in fact, already have acquired this rifle, and would currently possess it, if it were not for the laws at issue in this case. Macmillan Decl. ¶6.

16.     MacMillan has refrained from acquiring and possessing the FN PS90 rifle out of fear of being arrested and prosecuted for violating the laws at issue here. MacMillan Dec. ¶7.

17.     MacMillan would, if it were legal to do so, acquire an FN PS90 rifle and use it for lawful purposes including self-defense. MacMillan Decl. ¶5.

18.     Firearms Policy Coalition, Inc. ("FPC") is a non-profit membership organization incorporated under the laws of Delaware with its principal place of business in Clark County, Nevada. Decl. of Brandon Combs in Supp. of Pls.' Mot. for a Prelim. Inj. ¶1 ("Combs Decl.") (July 25, 2024).

19.     The purposes of FPC include defending and promoting the People's rights, especially the Second Amendment right to carry, possess, and use firearms. Combs Decl. ¶2.

20.     FPC has individual members and supporters who are District of Columbia residents and are adversely impacted by the laws challenged in this case. These include individual Plaintiffs Adika Clemendor and David MacMillan. Combs Decl. ¶3.

21.     FPC members refrain from purchasing and possessing firearms for lawful purposes because of fear of being arrested and prosecuted for the laws at issue. Combs Decl. ¶¶3, 4. Additionally, FPC members cannot purchase these firearms because the laws at issue destroyed the legal market. Clemendor Decl. ¶5, MacMillan Decl. ¶7.

Dated: July 26, 2024                     Respectfully Submitted,

                                         /s/ David S. Panzer
                                         David S. Panzer, Esq. Bar No. 470677
                                         Nicolas J. Rotsko, Esq. (admitted pro hac vice)
                                         FLUET
                                         1751 Pinnacle Drive, Suite 1000
                                         Tysons, VA 22102
                                         (703) 590-1234 | (703) 590-0366 (fax)
                                         dpanzer@fluet.law
                                         nrotsko@fluet.law

                                         Attorneys for Plaintiffs

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 26, 2024, I electronically filed the foregoing with the Clerk

of the Court using the CM/ECF system, and I hereby certify that I have served the document on

the following by causing it to be mailed via Federal Express and served via electronic mail:

Muriel Bowser
Mayor of the District of Columbia
1350 Pennsylvania Avenue, NW
Washington, DC 20004
chad.copeland@dc.gov
stephanie.litos@dc.gov
tonia.robinson@dc.gov

Pamela A. Smith
Chief of the Metropolitan Police Department
District of Columbia
300 Indiana Avenue, NW
Washington, DC 20001
pamela.smith1@dc.gov

Brian L. Schwalb
Attorney General for the District of Columbia
400 6th Street, NW
Washington, DC 20001
chad.copeland@dc.gov
stephanie.litos@dc.gov
tonia.robinson@dc.gov

<u>/s/ *David S. Panzer*</u>
David S. Panzer, Esq.

*Attorney for Plaintiffs*

5