**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **ADIKA CLEMENDOR, *et al.*,**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**DISTRICT OF COLUMBIA, *et al.*,**<br><br>**Defendants.** | **No. 1:24-cv-01955-APM** |

**JOINT STATUS REPORT**

Pursuant to the Court's Minute Order of August 1, 2024, Plaintiffs and Defendants submit this Joint Status Report upon the expiration of the stay entered on August 1, 2024. The Parties agree that this case should not be consolidated, in whole or in part, with the related case of *Yzaguirre v. District of Columbia*, Civil Action No. 24-01828. The Parties conferred but could not agree on a proposed schedule, so they submit competing proposals below.

**PLAINTIFFS' POSITION**

Plaintiffs' position differs from Defendants' in one primary respect: The 75 days Defendants request to oppose Plaintiffs' motion should be for opposing summary judgment on the merits, not to oppose a preliminary injunction. Although Plaintiffs' pending motion (Dkt. No. 12) does seek a preliminary injunction, Plaintiffs also requested that the motion alternatively be construed as a motion for summary judgment. A 75-day period is excessive for opposing a motion for preliminary relief, because that defeats the entire purpose of preliminary relief. Plaintiffs have agreed, however, to afford Defendants a 75-day period to oppose the motion, if it is construed as a motion for summary judgment. This is sensible for at least two reasons. First, Defendants seek the 75-day period so that their slate of experts can prepare declarations about

the merits of this case (as opposed to the other factors bearing on preliminary relief). If Defendants are afforded that amount of time to prepare for the merits, then it makes more sense to just litigate the merits, instead of first litigating the likelihood of success on the merits. Second, with one 30-day stay already behind us, if another 30-day stay is imposed as Defendants request, followed by another 75 days to oppose preliminary relief, then more than four months would have passed before Plaintiffs' motion for preliminary relief would even be fully briefed. With that amount of elapsed time, the parties should just litigate the merits, which turn on predominantly legal questions, instead of case-specific facts to be developed during discovery. Plaintiffs therefore propose the following schedule:

- A "brief extension" of the stay as proposed by Defendants;
- 75 days following the expiration of the stay for Defendants to oppose Plaintiffs' motion for summary judgment, and to file any cross-motion for summary judgment; and
- 45 days for Plaintiffs to reply in further support of summary judgment, and to oppose any cross-motion for summary judgment.

In the alternative, if the Court does not decide to treat Plaintiffs' motion as one for summary judgment at this time, then Plaintiffs' position is that there should be no further stay, and Defendants should oppose the preliminary injunction within 14 days, given that Defendants have already had an additional 30 days to prepare a response and experts are wholly unnecessary to oppose a preliminary injunction motion. Plaintiffs should have 14 days to reply in further support of a preliminary injunction.

**DEFENDANTS' POSITION**

The D.C. Circuit has yet to issue its opinion in *Hanson v. District of Columbia*, 23-706, but a decision is still expected to arrive any day. For all the reasons set forth in the Court's

Order and Defendants' Motion to Stay Case [15], Defendants believe that a brief extension of the stay is still the most efficient course of action for all Parties and the Court. All the reasons for a stay are still present. In sum, Defendants anticipate raising many of the same legal arguments in this case as those that are at issue before the Circuit in *Hanson* and proffering a half dozen or more experts in their defense of this case. The money and effort spent in preparing that defense, or in considering it, may be wasted in whole or large part if the *Hanson* decision significantly changes the shape of the law. Further, as the Court explained, "[t]he D.C. Circuit historically has resolved cases submitted during a term by the start of the next one." *Yzaguirre* Order [20] at 1. Accordingly, because *Hanson* was not decided in August, it is highly likely to be decided in September. Thus, Defendants propose that the Court extend the stay for another 30 days, or until the decision issues, with a joint status report to follow within three business days, as before.

In the alternative, if the Court does not extend the stay, Defendants again propose they be permitted 75 days to oppose Plaintiffs' motion for preliminary injunction, and that their deadline to respond to the Complaint be held in abeyance pending decision on that Motion. Although the case has been stayed, Defendants have acted diligently in the last month to recruit and approve funding for a slate of experts in their defense. However, those experts have not been working on their declarations, nor has counsel been preparing briefing, because, as noted above, Defendants anticipate receipt of binding precedent that may change the defenses available here and wish to conserve limited resources. A 75-day extension of the deadline to respond would permit Defendants to put forth a vigorous defense in this matter of significant public interest.

Date: September 5, 2024.

Respectfully submitted,

BRIAN L. SCHWALB
Attorney General for the District of Columbia

STEPHANIE E. LITOS
Deputy Attorney General
Civil Litigation Division

*/s/ David S. Panzer*
David S. Panzer, Bar No. 470677
Nicolas J. Rotsko, (admitted *pro hac vice*)
FLUET
1751 Pinnacle Drive
Suite 1000
Tysons, VA 22102
(703) 590-1234
(703) 590-0366 (fax)
dpanzer@fluet.law
nrotsko@fluet.law
e-file@fluet.law

*Attorneys for Plaintiffs*

*/s/ Matthew R. Blecher*
MATTHEW R. BLECHER [1012957]
Chief, Civil Litigation Division, Equity Section

*/s/ Honey Morton*
HONEY MORTON [1019878]
Assistant Chief, Equity Section

*/s/ Mateya B. Kelley*
ADAM J. TUETKEN [242215]
MATEYA B. KELLEY [888219451]
Assistant Attorneys General
Civil Litigation Division
400 6th Street, NW
Washington, D.C. 20001
Phone: (202) 724-7854
Email: mateya.kelley@dc.gov

*Counsel for Defendants*